UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MACOREL NIVOL,<br><br>                                              Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; POLICE OFFICER TIMOTHY LERNER, Tax No. 958810; POLICE OFFICER NICHOLAS COUVARIS, Tax No. 972589; POLICE OFFICER MICHAEL MARZULLO, Tax No. 967188; POLICE OFFICER JAMES BARRETT, Tax No. 969509; POLICE OFFICER NICHOLAS SCHNEIDER, Tax No. 956246; POLICE OFFICER ALEX DESANTIS, Tax No. 955871; POLICE OFFICER KYLE MCLERNON, Tax No. 972104; SERGEANT HERNAN CONTRERAS, Tax No. 943102,<br><br>                                              Defendants. | **CIVIL ACTION**<br>**Docket No. 24-cv-05045**<br><br>**JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

1. This is a civil rights action to recover money damages arising out of Defendants' violation of Plaintiff, MACOREL NIVOL's, rights as secured by the Civil Rights Act, 42 U.S.C. Section 1985(3), 42 U.S.C. Section 1983, the rights secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York. Plaintiff was unlawfully arrested and prosecuted by the Defendants. Plaintiff was deprived of his federal constitutional and state common law rights when the individually-named police officer defendants, acting on behalf of the municipal defendants, unlawfully approached, stopped, frisked, arrested, assaulted and confined Plaintiff, caused the unjustifiable malicious prosecution of him, and caused for criminal charges to be initiated and maintained against him without a lawful basis. As a direct result of this unlawful conduct by Defendants, Plaintiff suffered physical injuries and

1

was confined for a period of over one year on bail conditions that he could not afford. After proceeding to trial before the Queens County Supreme Court, Criminal Term, Plaintiff was fully acquitted of all charges filed against him as a result of Defendants' unlawful conduct by a jury of his peers.

2. **JURISDICTION AND VENUE**

3. This civil rights action raises federal questions under the United States Constitution, specifically the First, Fourth and Fourteenth Amendments and is brought pursuant to 42 U.S.C. §§ § 1983 and 1985(3).

4. This Court has jurisdiction over Plaintiffs' federal claims under U.S. Const., Art. III., Sec. 2, and under 28 U.S.C. §§ 1331, 1343.

5. This Court has authority to award damages under 28 U.S.C. § 1343, and reasonable attorney fees and costs under 42 U.S.C. § 1988.

6. Venue is proper in this Court under 28 U.S.C. § 1391(a) and (b) because, upon information and belief, all defendants are located within this District and the events, acts or omissions giving rise to the claims occurred in this District.

**PARTIES**

7. Plaintiff **MACOREL NIVOL** is a resident of the State of New York and Queens County.

8. POLICE OFFICER **TIMOTHY LERNER, Tax No. 958810**, is and was at all times relevant herein, an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT.

9. POLICE OFFICER **NICHOLAS COUVARIS, Tax No. 972589**, is and was at all times relevant herein, an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT.

10. POLICE OFFICER **MICHAEL MARZULLO, Tax No. 967188**, is and was at all times relevant herein, an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT.

11. POLICE OFFICER **JAMES BARRETT, Tax No. 969509**, is and was at all times relevant herein, an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT.

12. POLICE OFFICER **NICHOLAS SCHNEIDER, Tax No. 956246**, is and was at all times relevant herein, an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT.

13. POLICE OFFICER **ALEX DESANTIS, Tax No. 955871**, is and was at all times relevant herein, an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT.

14. POLICE OFFICER **KYLE MCLERNON, Tax No. 972104**, is and was at all times relevant herein, an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT.

15. SERGEANT **HERNAN CONTRERAS, Tax No. 943102**, is and was at all times relevant herein, an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT.

16. The above-mentioned individual police officers are being sued in their individual capacity and official capacity.

17. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, and

otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The individual defendants were acting for and on behalf of Defendants NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of the NEW YORK CITY POLICE DEPARTMENT.

18. At all times relevant hereto, defendant CITY OF NEW YORK, operated, maintained, managed, supervised and controlled the Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) as part of and in conjunction with its municipal function. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which the CITY OF NEW YORK is ultimately responsible. The defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NEW YORK CITY POLICE DEPARTMENT.

19. At all times relevant hereto, defendant NEW YORK CITY POLICE DEPARTMENT was and is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to operate as a police department, whose duty it is to enforce New York State Law within the City of New York. The defendant NEW YORK CITY POLICE DEPARTMENT assumes the risks incidental to the maintenance of said police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NEW YORK CITY POLICE DEPARTMENT.

20. Plaintiff in furtherance of his State causes of action, filed a timely Notice of Claim upon the CITY OF NEW YORK in compliance with Municipal Law Section 50 relative to his pendent state law claims.

21. On March 12, 2024, a hearing pursuant to section 50(h) of the New York State Municipal Law of Plaintiff was conducted. Thus, Plaintiff has complied with section 50(h) and is permitted to bring pendant state law claims.

22. More than thirty (30) days have elapsed since service of said Notice of Claim was filed and the CITY OF NEW YORK has failed to pay or adjust the claim.

## STATEMENT OF FACTS

23. On July 4, 2022, at approximately 3:55 AM, Plaintiff, an African-American man, was lawfully walking on the street near the intersection of Springfield Boulevard and Linden Boulevard in Queens County, New York City, State of New York.

24. Plaintiff was approached by Defendant POLICE OFFICER TIMOTHY LERNER and his partner POLICE OFFICER NICHOLAS COUVARIS.

25. Both officers emerged from a marked police car with the letters NYPD emblazoned on it and were on duty, in uniform, and working at the time as police officers of the NEW YORK CITY POLIE DEPARTMENT acting on behalf of the CITY OF NEW YORK.

26. Without any justification, legal right, reasonable suspicion, probable cause or other legal authority, the officers stopped Plaintiff and demanded that he furnish them with his identification, destination and other information that the Officer-Defendants had no legal right to demand of Plaintiff.

27. Plaintiff declined to provide the officers with said information and walked away to about the intersection of Linden Boulevard and 217th Street, Queens County.

28. The Defendant-Officers followed Plaintiff down the block while Plaintiff made it clear that he did not want to respond to the officers and that he wished to be left alone.

29. Nonetheless, the Defendant-Officers called for backup. Several minutes later, several others officers arrived on scene, including Defendants POLICE OFFICER MICHAEL MARZULLO, POLICE OFFICER JAMES BARRETT, POLICE OFFICER NICHOLAS SCHNEIDER, POLICE OFFICER ALEX DESANTIS, POLICE OFFICER KYLE MCLERNON and SERGEANT HERNAN CONTRERAS. The Officer-Defendants surrounded Plaintiff with no legal right, privilege or authority to do so and called an ambulance.

30. After several minutes and without legal authority, right or privilege to do so, the Defendant-Officers physically seized Plaintiff against his will, handcuffed him, assaulted him, threw him to the ground, struck him and placed him in handcuffs.

31. Thereafter, Plaintiff was handcuffed to an ambulance gurney, placed in the back of ambulance and administered a sedative that caused him to fall asleep.

32. As a result of the above conduct of the Defendant-Officers, Plaintiff was caused to sustain a bruised and/or fractured rib, abrasions, lacerations, torn clothing, and other serious physical injuries.

33. During the course of attempting to place Plaintiff in handcuffs without legal authority to do so, Defendant POLICE OFFICER TIMOTHY LERNER claimed that Defendant bit his finger.

34. Thereafter, the Defendant-Officers provided false, misleading and fictitious information to prosecutors at the Queens County District Attorney's Office, which resulted in Plaintiff being charged by the Queens County District Attorney's Office in Queens County Criminal Court with ASSAULT ON A PEACE OR POLICE OFFICER, A FIREMAN AN EMS

PROFESSIONAL (Penal Law § 120.08), ASSAULT IN THE SECOND DEGREE (Penal Law § 120.05-3), ASSAULT IN THE THIRD DEGREE (Penal Law § 120.00-1), RESISTING ARREST (Penal Law § 205.30), DISORDERLY CONDUCT (Penal Law § 240.20-1).

35. Thereafter, after Defendant SERGEANT HERNAN CONTRERAS, who testified in Grand Jury testified before the Queens County Grand Jury, Plaintiff was indicted by the Grand Jury of Queens County of one count each of ASSAULT ON A PEACE OR POLICE OFFICER, A FIREMAN AN EMS PROFESSIONAL (Penal Law § 120.08), RECKLESS ENDANGERMENT IN THE SECOND DEGREE (Penal Law § 120.20) and DISORDERLY CONDUCT (Penal Law § 240.20-1).

36. At his arraignment before the Queens County Criminal Court, bail conditions were set such that Plaintiff could not afford to pay it. Thus, he remained incarcerated throughout the pendency of the criminal case.

37. On July 31, 2023, Plaintiff proceeded to trial before a justice of the Queens County Supreme Court, Criminal Term and a jury.

38. At trial, the prosecution called POLICE OFFICERS TIMOTHY LERNER and NICHOLAS SCHNEIDER as witnesses.

39. On August 4, 2023, the jury returned a verdict acquitting Plaintiff of all charges against him by the jury, after Plaintiff argued to the jury that the Defendant-Officers were not authorized by law to stop, seize and arrest him and, thus, any alleged injuries sustained by Defendant POLICE OFFICERS TIMOTHY LERNER, was not something for which Plaintiff could be held criminally liable.

40. That same day, Plaintiff was released from custody of the New York City Department of Corrections, after having been held in continuous custody from July 4, 2022.

41. As a result of the above-described conduct of the individual Defendants, acting on behalf of the municipal Defendants, Plaintiff was caused to suffer, *inter alia*, confinement for over one year in subpar conditions on Rikers Island surrounded by crime and violence, serious physical, psychological and emotional trauma from the unlawful conduct of Defendant as outlined above as well as serious physical, psychological and emotional trauma from his more than one-year in custody at Rikers Island, economic harm from his incarceration and was forced to defend himself against unfounded criminal charges.

42. Some of the named Defendant-Officers observed the violations of Plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent these violations.

## FIRST CAUSE OF ACTION

**42 U.S.C. §1985(3) – Conspiracy to Violate Plaintiff's Rights Secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendment to the United States Constitution**

43. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 42 with the same force and effect as if more fully set forth at length herein.

44. All of the aforementioned Defendants, acting under color of state law, conspired to violate Plaintiff's Civil Rights by agreeing among themselves to all of the foregoing unlawful acts and omissions, including, but not limited to, the unlawful approach, stop, question, frisk, wrongful and unlawful arrest, and malicious prosecutions of Plaintiff and to commit abuse of process and to not produce exculpatory evidence against Plaintiff in a timely manner.

45. This conspiracy by Defendants and all acts in furtherance thereof, while acting under color of law, deprived Plaintiff of rights, privileges and immunities secured by the

Constitution and Laws of the United States, including, but not limited to, those rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, including, but not limited to, the following deprivation of constitutional rights, privileges and immunities in that:

a) Plaintiff was denied his right to free speech;

b) Plaintiff was denied his constitutional right not to be deprived of liberty without due process of law;

c) Plaintiff was denied his right to constitutional substantive and procedural due process;

d) Plaintiff was denied the equal protection of the laws;

e) Plaintiff was denied his constitutional right to be free from unlawful and unreasonable searches and seizures; and

f) Plaintiff was deprived to his right to liberty;

46. To the extent that any of these constitutional deprivations require a showing of specific intent and/or motive, the individual defendants acted intentionally, maliciously, with racially and ethnically discriminatory motives and/or with reckless disregard for the natural and probable consequences of their acts.

47. As a result of the aforementioned conspiracy, unlawful acts, and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under 42 U.S.C. § 1985(3) and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution.

## SECOND CAUSE OF ACTION

**42 U.S.C. § 1983 – Unlawful Stop, Question, Frisk, Search and Arrest (Fourth Amendment and Fourteenth Amendment to the United States Constitution)**

48. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 47 with the same force and effect as if more fully set forth at length herein.

49. The illegal approach, stop, questioning, frisk, search and arrest employed by the individual Defendants acting on behalf of the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT herein terminated Plaintiff's freedom of movement and liberty through means intentionally applied.

50. The conduct of defendants in approaching, stopping, frisking, searching and arresting Plaintiff were performed under color of law and without any reasonable suspicion of criminality or other constitutionally-required grounds.

51. As a direct and proximate result of such acts of said Defendants, Plaintiff was deprived of his rights under the laws of the United States Constitution and protected by 42 U.S.C. § 1983.

52. The individually named Defendants were at all times agents, servants, and employees acting within the scope of their employment by the Defendants CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

53. The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

54. As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under 42 U.S.C. § 1983 and the United States Constitution.

<b><u>THIRD CAUSE OF ACTION</u></b>

**42 U.S.C. § 1983 – Violation of Plaintiff's Fifth and Fourteenth Amendment Rights to Due Process**

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 55 with the same force and effect as if more fully set forth at length herein.

56. Defendants, individually and collectively, manufactured false evidence, withheld exculpatory evidence, provided misleading accounts and created misleading reports, which were forwarded to prosecutors of the Queens County District Attorney's Office.

57. As a result of these actions, the Defendant caused the filing and maintenance of false and unfounded criminal charges against Plaintiff.

58. As a result of the aforementioned conduct of said Defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological, emotional distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights.

59. The individual named Defendants were at all times agents, servants, and employees acting within the scope of their employment by the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

60. The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

61. As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under 42 U.S.C. § 1983 and the United States Constitution.

## **FOURTH CAUSE OF ACTION**
### **42 U.S.C. § 1983 – Malicious Prosecution**

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 61 with the same force and effect as if more fully set forth at length herein.

63. The acts and conduct of the Defendants constitute malicious prosecution under the United States Constitution.

64. Defendants commenced and continued a criminal proceeding against plaintiff.

65. Defendants lacked probable cause to initiate a criminal proceeding against Plaintiff.

66. Defendants lacked probable cause to maintain a criminal proceeding against Plaintiff.

67. The individual Defendant's presented false and misleading statements to prosecuting attorneys of the Queens County District Attorney's Office and said prosecuting attorneys, in turn, failed to properly investigate the claims made by the individually-named Defendants.

68. Defendants were directly and actively involved in the continuation of the criminal proceeding against Plaintiff.

69. There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff and for each of the charges for which he was prosecuted.

70. There was actual malice and an absence of probable cause to maintain the criminal proceeding against plaintiff and for each of the charges for which he was prosecuted.

71. The prosecution and criminal proceedings terminated in Plaintiff's favor with a full dismissal on August 4, 2023 after Plaintiff was fully acquitted of all charges by a jury of his peers before the Queen County Supreme Court, Criminal Term.

72. Plaintiff was subjected to a deprivation of liberty sufficient to implicate Plaintiff's Fourth, Fifth, Sixth, Ninth and Fourteenth Amendment rights.

73. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the United States Constitution.

74. The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

75. As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under 42 U.S.C. § 1983 and the United States Constitution.

## **FIFTH CAUSE OF ACTION**

### **Pendant State Common Law Claim – False Arrest and False Imprisonment**

76. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 75 with the same force and effect as if more fully set forth at length herein.

77. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York.

78. Defendants intended to confine plaintiff and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement.

79. In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

80. As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York and the United States Constitution.

81. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

82. The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

83. As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under New York State law.

## SIXTH CAUSE OF ACTION

### Pendant State Common Law Claim – Malicious Prosecution

84. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 83 with the same force and effect as if more fully set forth at length herein.

85. The acts and conduct of the Defendants constitute malicious prosecution under the laws of the State of New York.

86. Defendants commenced and continued a criminal proceeding against plaintiff.

87. Defendants lacked probable cause to initiate a criminal proceeding against Plaintiff.

88. Defendants lacked probable cause to maintain a criminal proceeding against Plaintiff.

89. The individual Defendant's presented false and misleading statements to prosecuting attorneys of the Queens County District Attorney's Office and said prosecuting attorneys failed to properly investigate the claims made by the individually-named Defendants.

90. Defendants were directly and actively involved in the continuation of the criminal proceeding against Plaintiff.

91. There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff and for each of the charges for which he was prosecuted.

92. There was actual malice and an absence of probable cause to maintain the criminal proceeding against plaintiff and for each of the charges for which he was prosecuted.

93. The prosecution and criminal proceedings terminated in Plaintiff's favor with a full dismissal on August 4, 2023 after Plaintiff was acquitted of all charges brought against him as a result of the actions of Defendants.

94. Plaintiff was subjected to a deprivation of liberty sufficient to implicate Plaintiff's rights under the New York State Constitution and New York Law.

95. As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York.

96. The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

97. As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under New York State law.

## SEVENTH CAUSE OF ACTION

**Pendant State Common Law Claim – Negligent Infliction of Emotional Distress**

98. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 97 with the same force and effect as if more fully set forth at length herein.

99. By the actions described herein, defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

100. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

101. As a direct and proximate result of such acts, defendants deprived plaintiff of her rights under the laws of the State of New York.

102. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

103. The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

104. As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under New York State law.

## SEVENTH CAUSE OF ACTION
**Negligent Hiring, Retention, Training and Supervision**

105. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 104 with the same force and effect as if more fully set forth at length herein.

106. The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT and its employees, servants and/or agents acting within the scope of their employment did

negligently hire, retain, train, and supervise the individual defendants, individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

107. As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under New York State law.

## **EIGHTH CAUSE OF ACTION**
### **Failure to Intervene**

108. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 107 with the same force and effect as if more fully set forth at length herein.

109. The defendants who did not physically touch plaintiff, but were present when other officers violated Plaintiff's Constitutional Rights had an affirmative duty to intervene on behalf of plaintiff, whose State and Federal constitutional rights were being violated in their presence by other officers.

110. Defendants failed to intervene to prevent the unlawful conduct described herein.

111. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

112. As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York and the United States.

113. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

114. The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

115. As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under New York State law.

## TIMELINESS OF PLAINTIFF'S CLAIMS

116. The applicable statute of limitations for Plaintiff's claims is 1 year and 90 days or 455 days.  *See* CPLR § 217-A.

117. All claims brought herein are within the applicable statute of limitations.

## JURY DEMAND

118. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff MACOREL NIVOL demands judgment and prays for the following relief, jointly and severally, against Defendants:

1) Special and Compensatory damages in an amount to be determined upon the trial of the action;

2) Punitive damages in an amount to be determined upon the trial of the action;

19

3) Reasonable attorneys' fees, costs and disbursements of the action pursuant 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and any other applicable law;

4) Interest upon any monetary award made in this case; and

5) Such other and further relief as the Court deems just and proper.

Dated: July 21, 2024

    New York, New York

/s/ JOSEPH Z. AMSEL, ESQ.
LAW OFFICES OF JOSEPH Z. AMSEL, PLLC
*Attorney for Plaintiff*
43 West 43rd Street, Suite 265
New York, NY 10036
Office: 888-558-7425
Fax: 212-437-9844
JZAmsel@AmselLaw.com
